IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )        8:11CR254
                               )
     v.                        )
                               )
MARIA LEE DUARTE,              )        ORDER
                               )
              Defendant.       )
_____)
```

      This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 112). Defendant's first claim alleges ineffective assistance of counsel in that "defense counsel failed to file a 'notice of appeal' after sentencing when I asked him to file one on my behalf."

      The Court has reviewed defendant's plea agreement (Filing No. 78) wherein it is stated at Section VII:

> Except as provided in Section I above . . . the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.
>
> The defendant further knowingly and expressly waives any and all rights

>>to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255 except:
>>
>>. . .
>>
>>(b) the right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

Inasmuch as defendant waived any right to appeal or to file a § 2255 motion, her current motion will be denied.

Her second claim alleges ineffective assistance of counsel in that "defense counsel failed to challenge the quantity and purity of the stated drug." Also included in the plea agreement in Section II were the weight of the methamphetamine that defendant possessed (at least 50 grams (actual)), and that defendant knew it was methamphetamine or some other prohibited drug. Defendant cannot now claim a challenge to the quantity and purity of the stated drug.

Her third claim alleges ineffective assistance of counsel in that "defense counsel failed to state to the Court the defendant's 'diminished capacity' by stating to the Court, her age, mental state, and physical state." The Court had available the presentence investigation report which contained a detailed report of defendant's physical, mental and emotional health.

Ground four alleges ineffective assistance of counsel in that "defendant counsel's underestimation of sentence range was deficient and prejudiced the defendant." Section III of the plea agreement states that:

> Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:
>
> 1. A maximum penalty of Life in prison; and a mandatory minimum of 10 years.

Defendant cannot now claim that her defense counsel's underestimation of sentence range was deficient. Accordingly,

IT IS ORDERED that defendant's motion under 28 U.S.C. § 2255 is denied.

DATED this 11th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court