IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:11CR254 |
| v. | |
| MARIA LEE DUARTE, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Maria Lee Duarte's ("Duarte") pro se Motion for Modification or Reduction of Sentence (Filing No. 144) pursuant to 18 U.S.C. § 3582(c)(2). Duarte seeks a reduction of her sentence under Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which retroactively reduced the base offense level for many drug offenses. *See United States v. Helm*, 891 F.3d 740, 741 (8th Cir. 2018) (citing U.S.S.G. App. C., Amend. 782 (2014); U.S.S.G. § 1B1.10(d)).

Under General Order No. 2014-09 (Filing No. 114), the Federal Public Defender for the District of Nebraska was appointed to represent Duarte with respect to any potential sentence reduction pursuant to Amendment 782. On September 18, 2018, the Federal Public Defender notified the Court that Duarte does not qualify for a sentence reduction pursuant to Amendment 782 because she was sentenced to the mandatory minimum sentence. The United States Probation Office has submitted a retroactive sentencing worksheet (Filing No. 120) that likewise indicates Duarte is ineligible for a reduction under Amendment 782. Finding "no non-frivolous claims for relief pursuant to the amended guidelines," the Federal Public Defender moved to withdraw from further representation of Duarte (Filing No. 145).

Having carefully reviewed the record in this case, the Court finds Duarte's motion must be denied. Duarte pled guilty to distributing fifty grams or more of methamphetamine

(actual) and was sentenced to the statutory mandatory minimum of 120 months in prison. *See* 21 U.S.C. § 841(a)(1) and (b)(1); U.S.S.G. § 5G1.1(c)(2). Her sentence was dictated by statute. A reduction under the circumstances of this case would exceed the Court's authority, *see United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums."), and be inconsistent with the Guidelines, *see* U.S.S.G. § 1B1.10(b)(2)(A); *id.*, cmt. n.1(A)(ii) (explaining that a lower guideline range pursuant to an amendment may not apply "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

Put simply, Duarte cannot receive a sentence reduction under § 3582(c)(2) and Amendment 782 because she received the statutory mandatory minimum sentence for the quantity of methamphetamine she admittedly distributed. *See*, *e.g.*, *United States v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (per curiam). Accordingly,

IT IS ORDERED:
1. Defendant Maria Lee Duarte's pro se Motion for Modification or Reduction of Sentence (Filing No. 144) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 is denied.
2. The Federal Public Defender's Motion to Withdraw (Filing No. 145) is granted.
3. The Clerk of Court shall mail a copy of this order to Duarte at her address of record.

Dated this 19th day of September 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge